IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL ZACCARI,<br><br>Plaintiff,<br><br>v.<br><br>APPRIO, INC.,<br><br>Defendant. | Case No.: 1:18-cv-1560-JDB |

**STATEMENT OF INTEREST OF THE UNITED STATES**

The United States files this Statement of Interest pursuant to 28 U.S.C. § 517[1] to inform the Court that the United States has granted Apprio, Inc. (Apprio) the Government's "authorization and consent" as to the acts alleged to have been committed by Apprio in Count II of Mr. Zaccari's Complaint. As explained below, the effect of such "authorization and consent" is to relieve the Government's contractor of any liability for copyright infringement resulting from its acts performed on behalf of the United States, with its authorization and consent, and to transfer to the United States liability for any infringement resulting from the authorized or consented acts. Accordingly, to the extent that liability exists for such acts, the copyright holder is limited to pursuing a claim against the United States under 28 U.S.C. § 1498(b).

## I. BACKGROUND

The allegations of Mr. Zaccari's Complaint center on the development of a software routine known as ConCISE. Compl. ¶¶ 24, 25. According to Mr. Zaccari, he independently developed a

[1] Section 517 provides, in pertinent part, that "any officer of the Department of Justice, may be sent by the Attorney General to any … district to attend to the interests of the United States in a suit pending in a court of the United States … or to attend to any other interest of the United States."

substantially similar program (CCR) on his own time. Compl. ¶¶ 2-3, 14. While working as an employee of Apprio, Inc., he alleges that he demonstrated the routine, and was subsequently forced to provide it to Defense Contract Management Agency (DCMA) by Apprio. Compl. ¶¶ 15-18. Mr. Zaccari's Complaint further alleges that DCMA and another contractor (Discover Technologies LLC[2]) subsequently broadly deployed the ConCISE software on DCMA's computer systems. Compl. ¶¶ 19-25, 33.

DCMA is an agency within the Department of Defense ("DoD") tasked with working with suppliers to ensure that government supplies and services are delivered on time and at projected cost, and that all performance requirements are met as required by the terms and conditions of each contract. Once the contract is awarded and the contractor is preparing to perform the contract, the Defense agency that awarded the contract "delegates" the contract administration to DCMA. DCMA employs personnel to supervise administrative aspects of contract performance, such acceptances of goods, reviewing documentation, inspections and other routine activities. Once a contract is delegated, DCMA has limited time to perform initial contract receipt and review.

Mr. Zaccari's employer, Apprio, entered into contract with the DCMA to help automate the contract receipt and review process. DCMA teams worked with Apprio to develop a software now known as ConCISE as part of the larger effort to automate the receipt and review of contracts for administration by locating contract requirements within that contract. According to Mr. Zaccari, he demonstrated his CCR software to DCMA and Apprio. Compl. ¶¶ 15-17 That allegedly led to DCMA requesting and Apprio allegedly requiring that Mr. Zaccari provide the CRR

[2] Mr. Zaccari also brought suit against Discover in the Eastern District of Virginia. *Zaccari v. Discover Techs. LLC*, Case No. 3:18-cv-453 (E.D. Va.)

software to DCMA. Compl. ¶¶ 18, 20. Mr. Zaccari further contends that DCMA subsequently modified the CRR software, and allegedly renamed it as ConCISE. Compl. ¶¶ 20, 22, 25.

II. DISCUSSION

"Authorization and consent" is a term of art which finds its basis in 28 U.S.C. § 1498(a) and (b). Section 1498(b), which applies to copyright claims, provides in pertinent part:

> [W]henever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims . . .

28 U.S.C. § 1498(b). The analysis of "authorization and consent" from § 1498(a) is relevant and persuasive in analyzing § 1498(b). *Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 179 (D.C. Cir. 1987). Therefore, regardless of whether the lawsuit involves patent or copyright infringement, the granting of "authorization and consent" "relieves a third party from . . . infringement liability, and it acts as a waiver of sovereign immunity and consent to liability." *Madey v. Duke University*, 307 F.3d 1351, 1359 (Fed. Cir. 2002).

In a suit between private entities where the Government is not a party, § 1498 is treated as an affirmative defense. See *Sperry Gyroscope Co. v. Arma Engineering Co.*, 271 U.S. 232, 235-36 (1926); *Manville Sales Corp. v. Paramount Systems*, 917 F.2d 544, 554-55 & n. 6 (Fed. Cir. 1990) (§ 1498(a) is not jurisdictional when raised by a private party as a defense but is jurisdictional when raised in a suit against the United States). However, an assertion of authorization and consent by the Government, once formally invoked, complies with the requirements of § 1498 and, generally, is persuasive—if not determinative—of the contractor's liability.

Authorization and consent need not be accomplished in any particular fashion. See *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 583 F.3d 1371, 1376 (Fed. Cir. 2009) (*ASDC*); *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 901 (Ct. Cl. 1976) (no "requirement that authorization or consent necessarily appear on the face of a particular contract"). And it may be granted at any time, including after the fact or during litigation. See *ASDC*, 583 F.3d at 1377-78; *Hughes Aircraft*, 534 F.2d at 901. Further, section 1498(a) "does not require that the government be party to any contract, but may apply to activities by 'any person, firm, or corporation' for the benefit of the government." *ASDC*, 583 F.3d at 1377; § 1498(b) (expressly providing for infringement "by a contractor . . . or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government"). Indeed, in *ASDC*, the Federal Circuit noted that, even if the Department of the Treasury's prior invocation of authorization and consent were inadequate, the government counsel's invocation of authorization and consent before that court satisfied § 1498. *ASDC*, 583 F.3d at 1377-78.

Here, the Government's invokes its authorization and consent to relieve Apprio of any liability with respect to allegations of Complaint. The allegations of the Complaint make clear that any infringement by Apprio was "for the Government": Mr. Zaccari's Complaint contends that Apprio was a contractor to DCMA and acting on the agency's behalf at all relevant times. See Compl. ¶¶ 7, 12, 18, 32. The purpose of Section 1498 is to "relieve the contractor entirely from liability of every kind" for the alleged infringement. *Richmond Screw Anchor Co., Inc., v. United States*, 275 U.S. 331, 343 (1928). "The word 'entire' emphasizes the exclusive and comprehensive character of the remedy provided." *Id.* Additionally, Section 1498(b) does not expressly limit

recovery to direct (as opposed to indirect) copyright infringement;[3] it covers all forms of infringement: the liability of the Government occurs when the copyright is "infringed by a contractor or any person, firm, or corporation acting with the authorization or consent of the Government." 28 U.S.C. § 1498. In this case, any infringement by Aprio, whether direct or indirect, is transferred to the Government by this invocation.

Accordingly, the United States respectfully requests that the Court accept this assertion of "authorization and consent" on behalf of the Government and its contractor, Apprio, Inc.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JESSIE K. LIU
United States Attorney

/s/ *Gary L. Hausken*
GARY L. HAUSKEN
Director, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

/s/ *Daniel F. Van Horn*
DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division
U.S. Attorney's Office
555 4th St. N.W. – Room E4226
Washington, D.C. 20530
Telephone: (202) 252-2506
Email: daniel.vanhorn@usdoj.gov

*Attorneys for the United States*

[3] By comparison, § 1498(a) limits the patent claims to instances where the invention is "use[d] or manufacture[d]" (i.e., direct infringement).